## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
## MACON DIVISION

| | | |
|---|---|---|
| **JARRETT DIXON,** | : | |
| | : | |
| **Plaintiff,** | : | |
| **VS.** | : | |
| | : | **NO. 5:21-CV-368-MTT-CHW** |
| **DEBRA MAPP,** | : | |
| | : | |
| **Defendant.** | : | |
| _____ | : | |

## <u>ORDER</u>

In accordance with the Court's previous orders and instructions, *pro se* Plaintiff Jarrett Dixon, an inmate currently confined at the Hays State Prison in Trion, Georgia, has filed a Recast Complaint pursuant to 42 U.S.C. § 1983 (ECF No. 13). This Recast Complaint, which is the operative pleading in this action, is now ripe for screening pursuant to 28 U.S.C. § 1915 and § 1915(e). For the reasons set forth below, Plaintiff's claims may proceed for further factual development. Plaintiff's pending motion for discovery (ECF No. 11) is **DENIED as premature**.

### PRELIMINARY REVIEW

### I.      Standard of Review

The Prison Litigation Reform Act ("PLRA") obligates the district courts to conduct a preliminary screening of every complaint filed by a prisoner who seeks redress from a government entity, official, or employee. *See* 28 U.S.C. § 1915A(a). Screening is also required under 28 U.S.C. § 1915(e) when the plaintiff is proceeding IFP. Both statutes

apply in this case, and the standard of review is the same.  When conducting preliminary screening, the Court must accept all factual allegations in the complaint as true.  *Boxer X v. Harris*, 437 F.3d 1107, 1110 (11th Cir. 2006) *abrogated in part on other grounds by Wilkins v. Gaddy*, 559 U.S. 34 (2010); *Hughes v. Lott*, 350 F.3d 1157, 1159-60 (11th Cir. 2003).  *Pro se* pleadings, like the one in this case, are "'held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed.'"  *Hughes*, 350 F.3d at 1160 (citation omitted).  Still, the Court must dismiss a prisoner complaint if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."  28 U.S.C. §1915A(b).

A claim is frivolous if it "'lacks an arguable basis either in law or in fact.'"  *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008) (citation omitted).  The Court may dismiss claims that are based on "'indisputably meritless legal'" theories and "'claims whose factual contentions are clearly baseless.'"  *Id.* (citation omitted).  A complaint fails to state a claim if it does not include "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  The factual allegations in a complaint "must be enough to raise a right to relief above the speculative level" and cannot "'merely create[] a suspicion [of] a legally cognizable right of action.'"  *Twombly*, 550 U.S. at 555 (citation omitted).  In other words, the complaint must allege enough facts "to raise a reasonable expectation that discovery will reveal evidence" supporting a claim.  *Id.* at

2

556.  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Iqbal*, 556 U.S. at 678.

To state a claim for relief under § 1983, a plaintiff must allege that (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or omission was committed by a person acting under color of state law.  *Hale v. Tallapoosa Cnty.*, 50 F.3d 1579, 1582 (11th Cir. 1995). If a litigant cannot satisfy these requirements or fails to provide factual allegations in support of his claim or claims, the complaint is subject to dismissal.  *See Chappell v. Rich*, 340 F.3d 1279, 1282-84 (11th Cir. 2003).

## II.      Factual Allegations

Plaintiff's Complaint arises from his incarceration at the Hancock State Prison ("HSP").  Compl. 4, ECF No. 1.[1]  Plaintiff alleges that an evidentiary hearing on his state habeas corpus petition took place on April 12, 2017.  *Id.*  On December 13, 2018, Plaintiff's petition for habeas corpus relief was denied.  *Id.*  Plaintiff contacted the Hancock County Superior Court Clerk's office repeatedly over the next several months, attempting to obtain copies of the hearing transcripts so that he could prepare a certificate of probable cause to appeal the denial.  *Id.*  Plaintiff eventually submitted his application without receiving the

---

[1] Plaintiff has filed a letter explaining that he gave his Recast Complaint to prison officials on December 21, 2021, but "backdated" that document to December 14, 2021, because prison officials delayed delivery of his mail "more than 72 hours after receiving it from the Chattooga, GA post office in Trion, GA."  Letter 1, Dec. 29, 2021, ECF No. 14.  The Court notes that Federal Rule of Civil Procedure 6(d) provides for an extra three days to be added to any deadline where an individual is served by mail to accommodate the delay inherent in the mailing process.  Thus, Plaintiff had until December 23, 2021 to comply with the Court's order, and his response was timely even without the "backdating."

transcripts.  On November 14, 2019, the clerk's office advised Plaintiff that the transcripts had been mailed on March 1, 2018, and delivered to HSP on March 5, 2018, but Plaintiff's application had already been denied on January 30, 2019.  *Id.*  Plaintiff alleges that Defendant Mapp was the HSP mailroom clerk on March 5, 2018, who refused to deliver the transcripts to Plaintiff.  *Id.*  According to Plaintiff, this refusal deprived him of the ability to cite to specific findings in the record, causing the denial of his application for a certificate of probable cause.  *Id.*  Plaintiff thus contends that Defendant Mapp violated his First and Fourteenth Amendment rights, and he seeks monetary damages and injunctive relief.  *Id.* at 6.

### III.    Plaintiff's Claims

A prison official's interference with an inmate's legal mail can be a constitutional violation redressable under § 1983.  *See, e.g., Al-Amin v. Smith*, 511 F.3d 1317, 1325 (11th Cir. 2008).  Such claims may implicate a prisoner's constitutional right to access the courts or the prisoner's constitutional right to free speech.  *See id.* at 1332-33; *Mitchell v. Peoples*, 10 F.4th 1226, 1229 (11th Cir. 2021).

### A.    Access to Courts

Plaintiff's allegations first give rise to claims of denial of access to the courts. "Access to the courts is clearly a constitutional right, grounded in the First Amendment, the Article IV Privileges and Immunities Clause, the Fifth Amendment, and/or the Fourteenth Amendment." *Chappell v. Rich*, 340 F.3d 1279, 1282 (11th Cir. 2003) (citing *Christopher v. Harbury*, 536 U.S. 403, 415 n. 12 (2002)).  "To have standing to seek relief under this right, however, a plaintiff must show actual injury by 'demonstrat[ing] that a

nonfrivolous legal claim ha[s] been frustrated or . . . impeded.'" *Jackson v. State Bd. of Pardons & Paroles*, 331 F.3d 790, 797 (11th Cir. 2003) (alterations and omission in original) (citing *Lewis v. Casey*, 518 U.S. 343, 353 (1996)). In other words, "[t]he injury requirement means that the plaintiff must have an underlying cause of action the vindication of which is prevented by the denial of access to the courts." *Cunningham v. Dist. Attorney's Office for Escambia Cnty.*, 592 F.3d 1237, 1271 (11th Cir. 2010).

In this case, Plaintiff acknowledges that Defendant did not prevent him from filing a certificate of probable cause altogether; instead, he contends that Defendant frustrated or impeded his ability to seek that certificate. Specifically, Plaintiff contends that Defendant's failure to provide him with the transcripts prevented him from "directly substantiat[ing] evidence of accurate purged testimony from [his] state habeas corpus evidentiary hearing." Recast Compl. 5, ECF No. 13. This allegation could potentially rise to the level of a constitutional injury. *See, e.g., Simkins v. Bruce*, 406 F.3d 1239, 1243-44 (10th Cir. 2005) (holding plaintiff may have shown "actual injury" by alleging, among other things, that non-delivery of legal mail caused him an "inability to argue the legal issues" in responding to summary judgment motion). Plaintiff's claims will therefore be permitted to proceed for further factual development.[2]

_____

[2] The Court notes that this type of access-to-courts claim could be barred by the doctrine set forth in *Heck v. Humphrey*, 512 U.S. 477 (1994) or the *Rooker-Feldman* doctrine, *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923); *District of Columbus Court of Appeals v. Feldman*, 460 U.S. 462, 476-82 (1983). *See, e.g., Moore v. Wheeler*, 520 F. App'x 927, 928 (11th Cir. 2013) (per curiam) (finding access-to-courts claim barred by *Heck* where prisoner's argument was that "state appellate courts would not have affirmed his conviction and sentence if the trial court had provided them with a record of his trial and sentencing"); *Target Media Partners v. Specialty Marketing Corp.*, 881 F.3d 1279,

### B.    Free Speech

Plaintiff's allegations also give rise to a claim that Defendant violated his free speech rights by refusing to provide him with his legal mail.  *See, e.g., Oliver v. Warden*, 761 F. App'x 960, 963 (11th Cir. 2019) (per curiam) ("[T]he First Amendment protects the right to send and to receive mail.").  Incoming mail from a court constitutes "legal mail," and courts have recognized that prisoners have "a vital need to communicate effectively" with courts "to insure ultimately that the judicial proceedings brought against or initiated by prisoners are conducted fairly." *Taylor v. Sterrett*, 532 F.2d 462, 475 (5th Cir. 1976).[3] Unlike an access-to-courts claim, "a free speech claim requires no additional allegation of 'actual injury' because 'protection of an inmate's freedom to engage in protected communications is a constitutional end in itself." *Mitchell*, 10 F.4th at 1230 (internal quotation marks omitted).

As with Plaintiff's access-to-courts claims, the Court cannot conclusively determine at this stage that Plaintiff's First Amendment free speech claims concerning Defendant's alleged withholding of Plaintiff's legal mail are entirely frivolous.  This claim shall therefore also be permitted to proceed for further factual development.  *Cf. Mitchell*, 10

---

1285-86 (11th Cir. 2018) (observing that the *Rooker-Feldman* doctrine bars "those claims asserted by parties who have lost in state court and then ask the district court, ultimately to review and reject a state court's judgments").

[3] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to close of business on September 30, 1981.

F.4th at 1232 (noting that even one instance of opening a prisoner's legal mail outside of an inmate's presence would be considered unlawful).

## CONCLUSION

For the foregoing reasons, Plaintiff's claims against Defendant shall proceed for further factual development.   Because the orders and instructions below will govern discovery in this case, Plaintiff's pending motion for discovery (ECF No. 11) is **DENIED as premature.**

## ORDER FOR SERVICE

Having found that Plaintiff has made colorable constitutional violation claims against Defendant Mapp, it is accordingly **ORDERED** that service be made on Defendant and that they file an Answer, or such other response as may be appropriate under Rule 12, 28 U.S.C. § 1915, and the Prison Litigation Reform Act.   Defendant is reminded of the duty to avoid unnecessary service expenses, and of the possible imposition of expenses for failure to waive service pursuant to Rule 4(d).

## DUTY TO ADVISE OF ADDRESS CHANGE

During the pendency of this action, all parties shall keep the Clerk of this Court and all opposing attorneys and/or parties advised of their current address.   Failure to promptly advise the Clerk of a change of address may result in the dismissal of a party's pleadings.

## DUTY TO PROSECUTE ACTION

Plaintiff is also advised that he must diligently prosecute his Complaint or face the possibility that it will be dismissed under Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute.   Defendant is similarly advised that they are expected

to diligently defend all allegations made against them and to file timely dispositive motions as hereinafter directed. This matter will be set down for trial when the Court determines that discovery has been completed and that all motions have been disposed of or the time for filing dispositive motions has passed.

## FILING AND SERVICE OF MOTIONS, PLEADINGS, AND CORRESPONDENCE

It is the responsibility of each party to file original motions, pleadings, and correspondence with the Clerk of Court. A party need not serve the opposing party by mail if the opposing party is represented by counsel. In such cases, any motions, pleadings, or correspondence shall be served electronically at the time of filing with the Court. If any party is not represented by counsel, however, it is the responsibility of each opposing party to serve copies of all motions, pleadings, and correspondence upon the unrepresented party and to attach to said original motions, pleadings, and correspondence filed with the Clerk of Court a certificate of service indicating who has been served and where (i.e., at what address), when service was made, and how service was accomplished.

## DISCOVERY

Plaintiff shall not commence discovery until an answer or dispositive motion has been filed on behalf of the Defendant from whom discovery is sought by the Plaintiff. The Defendant shall not commence discovery until such time as an answer or dispositive motion has been filed. Once an answer or dispositive motion has been filed, the parties are authorized to seek discovery from one another as provided in the Federal Rules of Civil Procedure. The deposition of the Plaintiff, a state/county prisoner, may be taken at any

time during the time period hereinafter set out provided prior arrangements are made with his custodian. **Plaintiff is hereby advised that failure to submit to a deposition may result in the dismissal of his lawsuit under Rule 37 of the Federal Rules of Civil Procedure.**

IT IS HEREBY ORDERED that discovery (including depositions and the service of written discovery requests) shall be completed within 90 days of the date of filing of an answer or dispositive motion by the Defendant (whichever comes first) unless an extension is otherwise granted by the court upon a showing of good cause therefor or a protective order is sought by the defendant and granted by the court. This 90-day period shall run separately as to Plaintiff and Defendant beginning on the date of filing of Defendant's answer or dispositive motion (whichever comes first). The scheduling of a trial may be advanced upon notification from the parties that no further discovery is contemplated or that discovery has been completed prior to the deadline.

Discovery materials shall not be filed with the Clerk of Court. No party shall be required to respond to any discovery not directed to him/her or served upon him/her by the opposing counsel/party. The undersigned incorporates herein those parts of the **Local Rules** imposing the following limitations on discovery: except with written permission of the court first obtained, **interrogatories** may not exceed TWENTY-FIVE (25) to each party, **requests for production of documents and things** under Rule 34 of the Federal Rules of Civil Procedure may not exceed TEN (10) requests to each party, and **requests for admissions** under Rule 36 of the Federal Rules of Civil Procedure may not exceed FIFTEEN (15) requests to each party. No party shall be required to respond to any such

requests which exceed these limitations.

## REQUESTS FOR DISMISSAL AND/OR JUDGMENT

The Court shall not consider requests for dismissal of or judgment in this action, absent the filing of a motion therefor accompanied by a brief/memorandum of law citing supporting authorities.  Dispositive motions should be filed at the earliest time possible, but in any event no later than one hundred - twenty (120) days from when the discovery period begins unless otherwise directed by the Court.

**SO ORDERED**, this 19th day of January, 2022.

s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge