IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| JARRETT DIXON, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | NO. 5:21-cv-00368-MTT-CHW |
| | : | |
| DEBRA MAPP, | : | |
| | : | Proceedings Under 42 U.S.C. § 1983 |
| Defendant. | : | Before the U.S. Magistrate Judge |
| _____ | : | |

## ORDER TO FILE ANSWER

Plaintiff Jarrett Dixon has filed a Complaint pursuant to 42 U.S.C. § 1983 alleging violations of his constitutional rights by Defendant Debra Mapp. (Doc. 1). Following a frivolity review of Plaintiff's Complaint pursuant to 28 U.S.C. § 1915A, Plaintiff's First Amendment claims against Defendant Mapp were allowed to proceed. (Doc. 15). The screening order directed service on Defendant Mapp and ordered her to file an answer.

On March 30, 2022, Defendant filed a Waiver of Reply pursuant to 42 U.S.C. § 1997e(g)(1). (Doc. 33). Although Section 1997e(g)(1) permits a defendant in a prisoner case to file a waiver of reply, Section 1997e(g)(2) provides that "[t]he court may require any defendant to reply to a complaint brought under this section if it finds that the plaintiff has a reasonable opportunity to prevail on the merits." In this case, the Court has already screened Plaintiff's complaint, has found that plaintiff has a reasonable opportunity to prevail, and has ordered Defendant to reply. Where the Court has

conducted a screening review, a waiver of reply is not a proper response to the Court's order to answer.

Accordingly, Defendant is **DIRECTED** to file an Answer or such other response as may be appropriate under Rule 12 of the Federal Rules of Civil Procedure, 28 U.S.C. § 1915, and the Prison Litigation Reform Act, **within seven (7) days** of the date of this Order.

**SO ORDERED,** this 31st day of March, 2022.

s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge