IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| JARRETT DIXON, | ) |
| Plaintiff, | ) |
| v. | ) CASE NO. 5:21-cv-368 (MTT) |
| DEBRA MAPP, | ) |
| Defendant. | ) |

## ORDER

United States Magistrate Judge Charles H. Weigle recommends granting the Defendant Debra Mapp's motion for summary judgment (Doc. 74), denying Plaintiff Jarrett Dixon's motion for partial summary judgment (Docs. 71; 79), and denying Dixon's motion for reconsideration (Doc. 64).  Doc. 86.  Dixon objected.  Doc. 87. Pursuant to 28 U.S.C. § 636(b)(1), the Court reviewed de novo the portions of the Recommendation to which Dixon objects.

Dixon claims a court reporter mailed to him at Hancock State Prison the transcripts of his state habeas hearing.  Docs. 74-1 ¶ 16; 74-3 at 64:18-64:2.  At the time, Mapp was a mailroom officer at Hancock State Prison.  Doc. 74-1 ¶ 2.  Dixon claims that Mapp failed to deliver his transcripts in a timely manner, violating his rights to free speech and access to the courts.  Docs. 13 at 5-6; 15 at 4- 5.  The Magistrate Judge concluded that Mapp was entitled to qualified immunity because Dixon had not demonstrated that Mapp violated his constitutional rights.  Doc. 86 at 5.  Specifically, Dixon did not produce any evidence that his transcripts were delivered to Hancock State

Prison or that Mapp was responsible for the delayed delivery of his transcripts. *Id*. at 6-7.

First, Dixon argues that he was not able to produce evidence that the transcripts were delivered to the prison because Mapp did not comply with his discovery requests. Doc. 87 at 1. Dixon filed a "motion for submission subpoena for witness" which requested that "Mapp also be ordered to produce … mailing logbook dates and times of transcript delivery." Doc. 46 at 2. Mapp responded to the motion stating that she served her responses on Dixon and "there [was] nothing responsive regarding this particular habeas corpus transcript." Doc. 50 at 1. Dixon includes the mail logbook pages from March 5, 2018, the day he claims his transcripts were delivered, in his partial motion for summary judgment. Doc. 71-15. And the mail logbooks demonstrate that Dixon did not receive any legal mail on March 5, 2018. *Id*. Thus, the Court agrees with the Magistrate Judge's conclusion that "[n]othing in the record shows that Plaintiff's transcripts arrived at the prison or that Defendant ever had the transcripts in her possession." Doc. 86 at 3.

Second, Dixon argues that the Magistrate Judge misunderstood his "motion for reconsideration and political correctness." Doc. 87 at 2. Dixon's motion for reconsideration did not clearly identify the prior order he requested the Magistrate Judge reconsider. *See* Doc. 64. As a result, the Magistrate Judge construed Dixon's motion as a request to reconsider the denial of his motion for a writ of mandamus (Doc. 54).[1] Doc. 86 at 2. Dixon's motion for reconsideration reiterated his request that the

---

[1] Dixon states in his objection that the motion for reconsideration "(was not) about any concerns of a denied motion for a writ of mandamus. It's a motion to rectify the record." Doc. 87 at 2. Dixon's motion for reconsideration asked the Court to order the court reporter to produce an email confirming that the transcripts were delivered to Hancock State Prison. Docs. 64 at 2; 87-1 at 2. Dixon initially made this

-2-

Magistrate Judge order the court reporter to produce an email confirming that the transcripts were delivered to Hancock State Prison.  Docs. 46 at 2; 64 at 2; 87-1 at 2.  But even if the Court did order the court reporter to produce this email, Dixon's claim still fails.  As the Magistrate Judge explained in the Recommendation, even if the transcripts were delivered to Hancock State Prison, Dixon has not produced evidence that *Mapp* caused him not to receive the transcripts.  Doc. 86 at 7.  Thus, Dixon fails to establish a violation of his free speech rights.

Third, Dixon argues that Mapp's failure to provide him with his state habeas corpus transcripts impeded his ability to successfully file his application for a certificate of probable cause with the Georgia Supreme Court.  Doc. 87 at 2.  Dixon asserts that his appeal was dismissed because the application was unsupported by specific citations to the record.  *Id*.  But Dixon's application for a certificate of probable cause was denied because it was untimely, not because it lacked citations to the record.  Doc. 74-3 at 257.  Thus, as the Magistrate Judge outlines in the Recommendation, "there is nothing in the record to show that Defendant's refusal or failure to deliver the transcript impeded Plaintiff's ability to file a *timely* application for a certificate of probable cause."  Doc. 86 at 8.  As a result, Dixon fails to prove a violation of his right to access the courts.

After review, the Court accepts and adopts the findings, conclusions, and recommendations of the Magistrate Judge. The Recommendation (Doc. 86) is

---

request in his "motion for submission subpoena for witness," (Doc. 46), which the Magistrate Judge addressed in the denial of Dixon's motion for a writ of mandamus (Doc. 54).  Thus, Dixon's argument that the motion for reconsideration is not about the Magistrate Judge's order addressing the motion for a writ of mandamus is inconsistent with the record.

Dixon also states that his motion for reconsideration "address[es] the damages plaintiff can be awarded." Doc. 87 at 2.  Because Dixon has not demonstrated a constitutional violation, he is not entitled to damages.

**ADOPTED** and made the Order of the Court.  Accordingly, Mapp's motion for summary judgment (Doc. 74) is **GRANTED**; Dixon's motion for partial summary judgment (Docs. 71; 79) is **DENIED**; and Dixon's motion for reconsideration (Doc. 64) is **DENIED**.

**SO ORDERED**, this 30th day of January, 2023.

S/ Marc T. Treadwell
MARC T. TREADWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
